# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEASAR ALEMAN,<br><br>        Petitioner,<br><br>    v.<br><br>ROBERTSON,<br><br>        Respondent. | Case No. 1:19-cv-01272-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the instant petition, Petitioner challenges his convictions and sentence in Tulare County Superior Court Case No. VCF164451A. As Petitioner has sought federal habeas relief with respect to the challenged convictions previously, the undersigned recommends that the petition be dismissed pursuant to 28 U.S.C. § 2244(b) as an unauthorized successive petition.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." A federal court must dismiss a second or

successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656–57 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given a petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

"Habeas petitions that are filed second-in-time are not necessarily second or successive." Clayton v. Biter, 868 F.3d 840, 843 (9th Cir. 2017). For example, "a habeas petition that challenges a new or intervening judgment is not a second or successive petition even where the intervening judgment left in place an earlier challenged conviction and sentence." Id. at 843–44 (citing Wentzell v. Neven, 674 F.3d 1124 (9th Cir. 2012)). Courts "look to state law to determine what constitutes a new or intervening judgment." Clayton, 868 F.3d at 844.

In the instant petition, Petitioner argues that: (1) a certificate of probable cause is not required where a defendant who entered a no contest plea challenges an agreed-upon sentence; and (2) Petitioner's gang enhancement should be reversed because no evidence supports the expert's opinion. (ECF No. 1 at 5).[1] In support of his first claim for relief, Petitioner cites to People v. Hurlic, 25 Cal. App. 5th 50 (Cal. Ct. App. 2018), which involved a defendant who

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

2

accepted an offer of a twenty-five-year sentence and entered a no contest plea and admitted to a twenty-year sentencing enhancement for the personal discharge of a firearm under California Penal Code section 12022.53(c). Hurlic, 25 Cal. App. 5th at 53–54. The court held that a certificate of probable cause was not required for Hurlic to challenge his agreed-upon sentence based on Senate Bill No. 620, which was signed into law after Hurlic's sentencing but before his appeal[2] and amended section 12022.53 to grant trial courts the discretion to strike section 12022.53's firearm enhancements. Hurlic, 25 Cal. App. 5th at 53–54, 59.

Based on his citation to Hurlic, Petitioner appears to argue that California Senate Bill No. 620 applies to his case, the firearm enhancement that was applied to Petitioner's sentence should be stricken, and the state courts erred in denying Petitioner relief pursuant to Senate Bill No. 620. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003) (courts have a duty to construe *pro se* pleadings and motions liberally).

In the instant petition, Petitioner challenges his convictions and sentence in Tulare County Superior Court Case No. VCF164451A. He was convicted on May 18, 2006 and sentenced on November 8, 2007. (ECF No. 1 at 1, 9). Petitioner previously sought federal habeas relief in this Court with respect to the same convictions and sentence. That petition was dismissed as untimely. See Aleman v. Sherman, No. 1:17-cv-00206-AWI-EPG.[3] Accordingly, the Court finds that the instant petition is "second or successive" under 28 U.S.C. § 2244(b). See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding "dismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims," and thus renders subsequent petitions "second or successive").

Although it appears that the instant habeas petition challenges, *inter alia*, the state courts' denial of resentencing under Senate Bill No. 620, California courts have held that an order denying resentencing in a case like Petitioner's—where the convictions are already final—does not constitute a new appealable post-judgment order. See People v. Fuimaono, 32 Cal. App. 5th

---

[2] "On October 11, 2017, the Governor signed Senate Bill No. 620 (2017-2018 Reg. Sess.) into law, effective January 1, 2018." Hurlic, 25 Cal. App. 5th at 54.

[3] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

3

132, 135 (Cal. Ct. App. 2019) (holding that because Senate Bill No. 620 does not contain language authorizing resentencing of convictions after they become final, the trial court lacked jurisdiction to grant defendant's resentencing request and thus denial of resentencing was not an appealable post-judgment order); People v. Hernandez, 34 Cal. App. 5th 323, 327 (Cal. Ct. App. 2019), review denied, No. S256021 (Cal. July 24, 2019); People v. Johnson, 32 Cal. App. 5th 938, 941, (Cal. Ct. App. 2019), review denied, No. S254998 (Cal. June 12, 2019).

As Petitioner has already filed a federal petition for writ of habeas corpus regarding his convictions and sentence in Tulare County Superior Court Case No. VCF164451A, Petitioner cannot file another petition in this Court regarding the same convictions and sentence without first obtaining permission from the United States Court of Appeals for the Ninth Circuit. Here, Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition. Therefore, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.

Additionally, whether Petitioner is entitled to resentencing under California Senate Bill No. 620 or whether a certificate of probable cause is required where a defendant who entered a no contest plea challenges an agreed-upon sentence are issues of state law. "We accept a state court's interpretation of state law, and alleged errors in the application of state law are not cognizable in federal habeas corpus." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (citations omitted). See also Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (per curiam) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.") (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991)).

## II.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED.

Further, the Court DIRECTS the Clerk of Court to assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 11, 2019**           /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE