UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR ALEMAN,<br><br>    Petitioner,<br><br>    v.<br><br>ROBERTSON,<br><br>    Respondent. | No. 1:19-cv-01272-DAD-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION TO STAY<br><br>(Doc. No. 13, 16) |

Petitioner Cesar Aleman is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 11, 2019, the assigned magistrate judge issued findings and recommendations recommending that the petition be dismissed for lack of jurisdiction. (Doc. No. 13.) Specifically, the magistrate judge found that the pending petition is a second or successive petition and that petitioner has not first obtained leave from the Ninth Circuit Court of Appeals to proceed with such a petition as is required. (*Id*. at 2.) The findings and recommendations were served on petitioner and contained notice that any objections thereto were to be filed within thirty (30) days after service. (*Id*. at 5.) On November 12, 2019, petitioner filed a request to extend time to file objections to the pending findings and recommendations by 60 days. (Doc. No. 14.) The court

1

granted petitioner's request and set a deadline of January 13, 2020 for petitioner to file his objections, if any. (Doc. No. 15.) In lieu of objections, petitioner filed a motion to stay on December 18, 2019. (Doc. No. 16.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

In his motion to stay, petitioner does not object to the pending findings and recommendations but instead requests this court "grant an order of a stay and abeyance as [he] obtain[s] authorization from the court of appeals." (Doc. No. 16 at 2.) Nonetheless, the undersigned agrees with the conclusion reached in the pending findings and recommendations that this court lacks jurisdiction and must dismiss the pending petition because petitioner did not first obtain permission from the Ninth Circuit Court of Appeals to file his successive petition. Accordingly, the court does not have jurisdiction over the pending petition and will deny petitioner's request for the issuance of a stay.

Having determined that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. "[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition," and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see* 28 U.S.C. § 2253(c)(1)(A) (permitting habeas appeals from state prisoners only with a certificate of appealability).

Where, as here, "the court denies habeas relief on procedural grounds without reaching the prisoner's underlying constitutional claims," the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But "[w]here a plain procedural bar is present . . . a reasonable jurist [cannot] conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed
/////

2

further." *Id.* Because the petitioner's pending application is clearly barred on jurisdictional grounds, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on October 11, 2019 (Doc. No. 13) are adopted in full;
2. This petition for writ of habeas corpus (Doc. No. 1) is dismissed for lack of jurisdiction because it is an unauthorized second or successive petition;
3. The court declines to issue a certificate of appealability;
4. Petitioner's motion to stay this action (Doc. No. 16) is denied; and
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **January 28, 2020**

UNITED STATES DISTRICT JUDGE